UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE C. MELCHER,<br><br>    Appellant,<br><br>    v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>    Appellee. | Case No. 5:14-cv-05586-RMW<br><br>Bankruptcy Case No. 01-53251<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER ALLOWING SALE OF CARMEL PROPERTY**<br><br>Re: Dkt. Nos. 52, 63 |

Appellant Jacqueline C. Melcher appeals pro se from an order of the bankruptcy court that (1) denied her motion to void an order authorizing the sale of her former home in Carmel, California; and (2) denied her motion for a hearing to show cause for contempt against Charles Maher, counsel for the Chapter 7 trustee John W. Richardson. The court finds that oral argument in this matter is unnecessary pursuant to Bankruptcy Local Rule 8019-1. For the reasons explained below, the court AFFIRMS the bankruptcy court's order.[1]

---

[1] Appellant's unopposed motion to file ministerial corrections to her reply brief, Dkt. No. 63, is GRANTED.

## I. BACKGROUND[2]

Ms. Melcher's bankruptcy case has been ongoing for approximately 14 years and has spawned multiple appeals. *In re Melcher*, No. BAP NC-14-1573-TADJU, 2015 WL 8161915, at *1 (B.A.P. 9th Cir. Dec. 7, 2015). This particular appeal involves the sale of real property at 25597 Tierra Grande Drive in Carmel, California, where appellant lived for many years. According to the bankruptcy court, the property in question was the property of the bankruptcy estate. The trustee's position leading up to the events that gave rise to this appeal was that any claim, lien, or interest asserted by appellant in the property would be unenforceable against the property itself. In December 2013, the trustee brought an unlawful detainer complaint against appellant after a trial in Monterey County Superior Court. A judgment was entered in the trustee's favor on March 6, 2014. Ms. Melcher appealed that judgment. On June 13, 2014, appellant filed a notice of pendency of action in Monterey County.

Under 11 U.S.C. § 363, "[t]he trustee may sell property . . . free and clear of any interest in such property of an entity other than the estate, only if . . . such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4). On August 21, 2014, the trustee filed a motion in the bankruptcy court for an order authorizing the trustee to sell the property pursuant to Section 363(f)(4) free and clear of any claims, liens, or interests asserted by appellant or her son. Dkt. No. 13-3. At the trustee's request, the bankruptcy court set the motion for hearing on a shortened time schedule, with a hearing set for September 4, 2014. Appellant filed an opposition on September 2, 2014 complaining that she did not receive the application to shorten time or the moving papers.[3] Dkt. No. 13-8. Appellant nevertheless appeared at the September 4, 2014 hearing.

At the September 4, 2014 hearing, the bankruptcy court concluded that recordation of a lis pendens by a debtor violates 11 U.S.C. § 362(a)(3). Dkt. No. 58 at ER0114:21-22. The bankruptcy

---

[2] Unless otherwise noted, the court relies on the bankruptcy court's description of the background of the bankruptcy proceedings in this case. *See* Dkt. No. 58 at ER109-126 (Sept. 4, 2014 Hearing Tr.).

[3] The trustee also filed a reply on September 3, 2014, but the email from the trustee's counsel to appellant, with which the trustee attempted to serve the reply, apparently "bounced back," and appellant did not receive the reply. Dkt. No. 58 at ER0117:20-ER0118:2.

court concluded that the interests in the property were in bona fide dispute and that the property could be sold free and clear of appellant's interests. *Id.* at ER0112:3-9. The bankruptcy court stated that "counsel for the trustee may submit a form of order" regarding the bankruptcy court's ruling. *Id.* at ER0114:18-19. On September 18, 2014, the bankruptcy court granted the trustee's motion for an order authorizing sale of the property free and clear of liens, claims, and interests from appellant or her son. Dkt. No. 11-20.

At the September 4, 2014 hearing, the bankruptcy court also discussed appellant's claim that she had not received documents that counsel for the trustee indicated his firm had served on appellant via email. The bankruptcy court had the following exchange on the record with counsel for the trustee:

> THE COURT: [. . .] Mr. Maher, send her by overnight mail and also at the jjj red shift[4] --
> MR. MAHER: I will.
> THE COURT: -- until further notice. If she gives you notice of a new e-mail, send it to there too.
> MR. MAHER: I will, Your Honor. Okay, thank you.

*Id.* at ER0123:16-22.

By separate notice and motion filed on August 22, 2014, the trustee requested general authority to sell the property to a specific buyer for $1,575,000. Dkt. No. 13-5. On August 22, 2014, the trustee also filed a general notice to creditors regarding the planned sale. Dkt. No. 13-6. The bankruptcy court held a hearing on the motion, as well as appellant's objections, on October 17, 2014. On October 29, 2014, the bankruptcy court issued an order that authorized the sale of the property to particular buyer and authorized payment of a broker's commission. Dkt. No. 58 at ER0155.

Appellant filed several objections and motions for reconsideration of the bankruptcy court's orders allowing the sale of the Carmel property. Directly related to the instant appeal was appellant's November 5, 2014 "Motion to Void the Court's September 18, 2014 Order and the Courts [sic] October 29, 2014 Order to Sell the Tierra Grande Property Free and Clear of Liens,

---

[4] This was a reference to appellant's email address hosted at "redshift.com." *See id.* at ER0119.

Claims, and Interests is [sic] brought Under Rule 363(f)." Dkt. No. 12-3. On November 5, 2014, appellant also filed a "Re-newed Motion for a Hearing to Show Cause for Contempt of the Court's September 4, 2014 Order Under Bankruptcy Code 105 and FRBP 9020." Dkt. No. 58 at ER0172-190. As discussed in more detail below, the bankruptcy court denied the two motions above in an order dated December 8, 2014 because, according to the bankruptcy court, "the issues raised in the motions had been disposed of by previous orders." Dkt. No. 12-8. Appellant timely appealed the bankruptcy court's December 8, 2014 order.

## II.   ANALYSIS

This court reviews the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error. *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A factual finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 869 (9th Cir. 2001).

### A.   Notice of Sale

Appellant's central argument on appeal is that the sale of the Carmel property is void because the trustee did not provide adequate notice of the planned sale to appellant. Under Federal Rule of Bankruptcy Procedure 6004(a), "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002."[5] That rule, in turn, requires "at least 21 days' notice" of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2). Appellant argues that she was deprived of notice, which she contends was required for due process, at multiple stages of the presale proceedings.

First, appellant argues that she did not receive timely notice of the trustee's August 19,

---

[5] Moreover, "[a] motion for authority to sell property free and clear of liens or other interests . . . shall be served on the parties who have liens or other interests in the property to be sold. Fed. R. Bankr. P. 6004(c).

2014 motion for an order shortening time for a hearing on the trustee's Section 363(f)(4) motion. Dkt. No. 52 at 8. Appellant acknowledges that counsel for the trustee emailed her approximately an hour before he filed his motion on August 19, 2014 to see if she would object, but appellant did not check her email until August 20, 2014, at which point the bankruptcy court had already granted the motion to shorten time. *Id.* at 9. This court finds that the fact that appellant did not check her email on August 19, 2014 did not mean that she had inadequate notice of the hearing. Indeed, appellant admits that she found out about the hearing, set for September 4, 2014, and participated in that hearing. *Id.*

Second, as appellant argued at the September 4, 2014 hearing, appellant claims that she did not receive any of the trustee's motion papers that were filed on August 21 and 22, 2014 regarding the planned sale of the property, in violation of the Bankruptcy Rules. *See id.* at 10; Dkt. No. 58 at ER0116:21-ER0117:2. Counsel for the trustee maintains that his staff did serve appellant via email with the August 21 and 22 motion papers. While it does not appear that the bankruptcy court explicitly found that appellant received the August 21 and August 22, 2014 motion papers, the record supports such a finding. Mr. Maher, the trustee's attorney, submitted a sworn declaration indicating that his assistant sent the motion papers to appellant. Dkt. No. 58 at ER0032. Specifically, he declared: "My assistant served the Section 363(f) motion and supporting papers on the Debtor by e-mail on Thursday, August 21, 2014, at 9:43 a.m." *Id.* at ER0033. A copy of the August 21, 2014 certificate of service is attached to the declaration. Moreover, Mr. Maher declared: "Neither I nor my assistant received any indication that the e-mail had not successfully been delivered to the Debtor, and I had (and have) no reason to believe that it was not delivered to the Debtor at the time." *Id.* With regard to the papers filed the following day, Mr. Maher declared: "On August 22, 2014, my assistant served the general notice of sale of the Tierra Grande Drive property." *Id.* Attached to the declaration is a copy of the August 22, 2014 certificate of service and email transmitting the motion to appellant. *Id.*

It is true that appellant's September 2, 2014 response to the Section 363(f) motion claims that appellant did not receive the trustee's motion papers. *See* Dkt. No. 13-8 at 1. It is also true that

two attempts to serve appellant by email with the trustee's September 3, 2014 reply papers "bounced" and were unsuccessful at serving appellant. Dkt. No. 58 at ER0034. Nevertheless, appellant filed a response to the trustee's papers and appeared at the September 4, 2014 hearing. Appellant participated in the September 4, 2014 hearing, and the court listened to her objections. This court finds that the record supports the bankruptcy court's October 29, 2014 conclusion that "notice has been adequate." Dkt. No. 58 at ER0155.

Third, appellant argues that the trustee never served her with the proposed order that the court asked the trustee to prepare at the September 4, 2014 hearing. The bankruptcy court ended up granting that order on September 18, 2014. *See* Dkt. No. 11-20. Counsel for the trustee acknowledges that he inadvertently failed to instruct his assistant to serve the proposed order granting the trustee's motion to sell free and clear (i.e., the Section 363(f) motion) on appellant. However, the bankruptcy court found in a November 6, 2014 order that the failure to serve appellant with the proposed order was harmless:

> That order allowed the Trustee to sell the Debtor's residence, which understandably was very important to the Debtor. However, as noted in this Court's order denying reconsideration of that order (docket no. 3700), the Debtor has never raised any objection to the contents of the order itself. Debtor continues to assert that the order is void for lack of service; however, Debtor cites no authority, and the Court is not aware of any, for the proposition that failure to serve a proposed form of order on an adverse party, without more, renders the order void. In this situation, Debtor filed an opposition to the trustee's motion and appeared at the hearing. Thereafter, Debtor moved for reconsideration but did not object to the form of order. Thus, despite Mr. Maher's oversight, Debtor was afforded due process with respect to the motion and the order. Debtor has not demonstrated that she was prejudiced by Mr. Maher's failure to serve her with the proposed order.

Dkt. No. 12-2 at 2.

In this case, failure to serve appellant with the proposed order does not render the order void. While it is true that, to the extent that litigants have standing, they are entitled to notice and an opportunity to respond to motions, *see* Fed. R. Bankr. P. 9014, it is not clear that due process requires a court to share its proposed orders with litigants before issuing those orders. Moreover, the only two cases appellant cites in her briefs do not support the proposition that failure to serve a

proposed form of order on an adverse party, without more, renders the order void. *In re Ex-Cel Concrete Co.,* Inc., 178 B.R. 198 (9th Cir. B.A.P. 1995), cited by appellant, involved failure to provide notice of a proposed sale of property, not notice of a proposed order after a court had conducted a hearing on the sale. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), also cited by appellant, involved notice by publication in a newspaper regarding settlement of accounts by the trustee of a common trust fund. Neither case supports appellant's argument.

In sum, this court finds that the bankruptcy court did not err in concluding that appellant was provided with adequate notice and an opportunity to be heard regarding the sale of her home.

### B.   Motion for Order to Show Cause

On October 10, 2014, appellant moved for an order to show cause why the trustee's attorney should not be held in contempt. In her show cause motion, appellant suggests that the bankruptcy court's order requiring the trustee to serve documents on appellant via email and overnight mail "until further notice," Dkt. No. 58 at ER0123:16-22, required the trustee to immediately send her copies of the motion papers that were filed on August 21 and 22, 2014. *See id.* at ER0182. The trustee did not re-send these papers because the trustee argues that the bankruptcy court's September 4, 2014 order only applied to future filings. Dkt. No. 57 at 5.

While "until further notice" is somewhat ambiguous, the bankruptcy court's November 6, 2014 order denying the motion for an order to show cause indicated that the trustee's interpretation was correct:

> With respect to subsequent pleadings, the record reflects that Mr. Maher has served Debtor with those pleadings in accordance with this Court's order. According to the declaration of Charles Maher filed October 21, 2014 (docket no. 3708), all pleadings filed subsequent to the September 4 hearing have been served on Debtor via email and overnight mail.

Dkt. No. 12-2 at 2 (citation omitted). On November 5, 2014, just before receiving the bankruptcy court's order, appellant filed a "re-newed" motion for an order to show cause that asserted the same grounds for relief that appellant asserted in the October 10, 2014 motion. Dkt. No. 58 at ER0172. The bankruptcy court denied the renewed show cause motion on December 8, 2014 in

7
5:14-cv-05586-RMW
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER ALLOWING SALE OF CARMEL PROPERTY
RS

the order presently being appealed, Dkt. No. 12-8. With the one minor exception regarding service of the proposed order discussed above, this court finds no error in the bankruptcy court's conclusion that the trustee's counsel complied with the bankruptcy court's order regarding service of documents. The bankruptcy court did not err in declining to issue an order to show cause.

### C. Merits of the Sale to Third Party

Other than her notice arguments addressed above, appellant makes only one argument regarding the merits of the sale of the Carmel property.[6] Specifically, appellant argues that she and her tenant should have been given an opportunity to purchase the trustee's share of equity in the property, at which point, she asserts, she could have maintained possession of the home. *See* Dkt. No. 52 at 17. The only authority that appellant cites in support of this argument is an excerpt from a bankruptcy court hearing transcript that reads:

> "Now if you had the ability to pay the estate the amount the estate would otherwise get and keep the house, I would be glad to consider that. You would present that offer to the Trustee, and then you could essentially keep your house."

*Id.* (citing Nov. 15, 2011 Hrg. Tr.). The cited text from the bankruptcy court does not support appellant's apparent argument that she and a partner were entitled to purchase the home at a discount. At most, the cited excerpt suggests that in 2011, the bankruptcy court was willing to consider a possible plan that would allow appellant to remain in the home. At the September 4, 2014 hearing, the bankruptcy court stated:

> While the Court is sympathetic to Debtor's desire to remain in the property, the Court has previously ruled that it is appropriate for the Trustee to sell the property as the property is property of this Chapter 7 estate. The Court finds that there is a bona fide dispute as to Debtor's interest in the property. The Trustee does not seek to expunge the lis pendens by this motion. To the extent that Debtor has an interest in the property, that interest would not be wiped out by a sale; rather, the interest would attach to the proceeds of the sale.

Dkt. No. 58 at ER0114:8-17. Appellant offers no authority for the proposition that appellant had a

---

[6] Appellant's brief claims that an issue in this appeal is whether the bankruptcy court should have required independent appraisals of other properties or evaluations of appellant's ownership in certain entertainment interests, Dkt. No. 52 at 2, but appellant offers no analysis or authority regarding this purported issue.

right to purchase the property from the estate at the expense of creditors. Accordingly, this court finds no error in the bankruptcy court's conclusion that a sale to a third party was appropriate.

### III.  ORDER

For the reasons set forth above, the bankruptcy court's order is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 31, 2016

_____
Ronald M. Whyte
United States District Judge