United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE C. MELCHER,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>　　　　　Appellee. | 9th Cir. Case No. 16-15817<br>Dist. Ct. Case No. 5:14-cv-05586-RMW<br>Bankruptcy Case No. 01-53251<br><br>**ORDER GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>Re: Dkt. No. 69, 70 |

　　　Appellant Jacqueline C. Melcher appeals to the Ninth Circuit this court's March 31, 2016 order affirming a decision of the bankruptcy court. Dkt. No. 65. Appellant renews her request to proceed in forma pauperis (IFP) in her appeal to the Ninth Circuit. Dkt. Nos. 69, 70. This court denied appellant's previous request to proceed IFP on appeal for failure to provide the documentation required by Federal Rule of Appellate procedure 24(a)(1). Dkt. No. 68. On May 26, 2016, appellant filed a renewed request to proceed IFP on appeal that attached the requested documentation. Dkt. No. 70.

　　　Analysis of an IFP application is governed by 28 U.S.C. § 1915. Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed appellant's financial affidavit, Dkt. No. 70-2, the court is satisfied that appellant meets the economic eligibility requirement to proceed IFP on

appeal.

In evaluating an application to proceed IFP on appeal, the court must not only examine a litigant's economic status but also determine whether the appeal is taken in good faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

This court has serious doubts about whether the majority of Ms. Melcher's appeal is taken in good faith. For example, the first issue that appellant presents for appeal asks: "Did the Court error [sic] when it did not consider the fact that the Trustee failed to serve the Appellant any of his papers to sell the Appellant's Carmel home including: [four specific documents]?" Dkt. No. 70 at 3. This court's March 31, 2016 order explicitly considered and rejected appellant's arguments about an alleged lack of service. Dkt. No. 64 at 4-7. Another issue that Ms. Melcher now presents for appeal was not presented in appellant's brief before this court. *Compare* Dkt. No. 70 at 3-4 ("Did the Court error [sic] by incorrectly believing the BAP's harsh mandate . . . gave permission to the Trustee to retroactively cancel the Bankruptcy court's previous orders allowing the Appellant to object to the Trustee's fees . . . ?") *with* Dkt. No. 51 at 2-4 (statement of issues before district court). Moreover, in the course of appellant's bankruptcy case, which has been open for approximately 14 years, appellant has been declared a vexatious litigant,[1] and the Ninth Circuit has called her litigation tactics an "abuse of the bankruptcy process."[2] Nevertheless, this court finds that at least one issue underlying the instant appeal—whether appellant was provided adequate notice before her residence was sold—may not be frivolous. Applying the standard of *Hooker v. American Airlines*, this court GRANTS Ms. Melcher's application to proceed IFP on appeal.

---

[1] *In re Melcher*, No. BAP NC-14-1573-TADJU, 2015 WL 8161915, at *5 (B.A.P. 9th Cir. Dec. 7, 2015).
[2] *In re Melcher*, 300 Fed. Appx. 455, 456 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: June 2, 2016

*Ronald M. Whyte*
_____
Ronald M. Whyte
United States District Judge